UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHONG KOO LEE,

Plaintiff,

v.

BOB E. NORRIS, WR BENGER TRANSPORT, LLC,

Defendants.

CASE NO. 3:14-CV-05595-DWC

ORDER ON PARTIAL MOTION FOR SUMMARY JUDGMENT

Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. Dkt. 32. Currently before the Court is Plaintiff Chong Koo Lee's Motion for Partial Summary Judgment Regarding Health Care Expenses ("Motion").

The Court concludes there is a genuine dispute as to material facts regarding the cause, reasonableness and necessity of the medical expenses arising from the November 2012 car accident. Therefore, the Motion is denied.

## BACKGROUND

This case arises out of a motor vehicle accident which occurred on November 16, 2012 ("the accident"). *See* Dkt. 1. Plaintiff alleges Defendant Bob Norris, who was driving a tractor trailer, collided into the back of Plaintiff's car while Plaintiff was stopped at a red light. *See* Dkt. 1, 23, 25. At the time of the accident, Defendant Norris was an owner/operator for Defendant WR Benger Transport, LLC. *See* Dkt. 1, 23. Plaintiff contends as a result of the accident he "was injured, suffered physical disability and pain, emotional trauma, medical expenses, loss of earnings and earning capacity, and other damages." Dkt. 1, p. 11. Defendants admit liability, but dispute the injuries and damages alleged by Plaintiff were a result of the accident. *See* Dkt. 23.

Plaintiff filed the Motion on May 6, 2016. Dkt. 43. Defendants filed their Response on May 27, 2016, Dkt. 44, and Plaintiff filed his Reply on June 3, 2016. Dkt. 48. After review of the Motion, Response, Reply, and the record as a whole, the Court concludes oral argument is unnecessary.

## STANDARD OF REVIEW

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, "the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A party asserting a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). All facts and reasonable inferences drawn therefrom must be viewed in the light most favorable to the nonmoving party. *Furnace v. Sullivan*, 705 F.3d 1021, 1026 (9th Cir. 2013) (*citing Torres v. City of Madera*, 648 F.3d 1119, 1123 (9th Cir. 2011)); *Tarin v. County of Los Angeles*, 123 F.3d 1259, 1263 (9th Cir.1997).

As the party moving for summary judgment, Plaintiff has the initial burden to demonstrate no genuine issue of material fact remains in this case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *In re Oracle Corp. Securities Litigation*, 627 F.3d 376, 387 (9th Cir. 2010). The movant "always bears the initial responsibility of informing the district court of the basis for its motion," and identifying those portions of the record, including pleadings, discovery materials, and affidavits, "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. Once the movant has done this, the nonmoving party must show there are "genuine factual issues that properly can be resolved only by a finder of fact." *California Architectural Building Products, Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986)). The nonmoving party need not produce evidence in a form that would be admissible at trial to avoid summary judgment, but mere disagreement or the bald assertion stating a genuine issue of material fact exists does not preclude summary judgment. *Celotex*, 477 U.S. at 324; *California Architectural Building Products, Inc.*, 818 F.2d at 1468.

Regarding materiality, "the substantive law will identify which facts are material." *Anderson*, 477 U.S. at 248. Specifically, a "material" fact is one which is "relevant to an element of a claim or defense and whose existence might affect the outcome of the suit." *T.W. Electrical Serv., Inc. v. Pacific Electrical Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). Mere "[d]isputes over irrelevant or unnecessary facts," therefore, "will not preclude a grant of summary judgment." *Id*.

Determining whether a "genuine" issue exists is often a close question. *Id.* The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g. a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 252. No genuine issue for trial exists where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (*citing First Nat. Bank of Ariz. V. Cities Service Co.*, 391 U.S. 253, 289 (1968)). Thus, the mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient. *Id*. Rather, the nonmoving party "must produce at least some 'significant probative evidence tending to support the complaint.'" *T.W. Elect. Service Inc.*, 809 F.2d at 630 (*quoting Anderson*, 477 U.S. at 290); *see also California Architectural Building Products, Inc.*, 818 F.2d at 1468 ("No longer can it be argued that any disagreement about a material issue of fact precludes the use of summary judgment.").

In short, the purpose of summary judgment "is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888 (1990). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it[.]" Fed R. Civ. P. 56(e)(3).

## DISCUSSION

### I. Evidence

In support of his Motion, Plaintiff submitted declarations from medical providers and Plaintiff's attorney, an itemized list of expenses from treatment received from November 16, 2012 through December 28, 2012, a picture of his vehicle, and Dr. W. Brandt Bede, M.D.'s

Independent Medical Evaluation of Plaintiff. *See* Dkt. 43-2 – 43-8. In their Response, Defendants submitted a declaration from Defendants' attorney, Plaintiff's medical records from October 15 and 17 of 2012, Dr. Bede's Independent Medical Evaluation of Plaintiff, and a report pertaining to Plaintiff's tinnitus completed by Dr. Jay Rubinstein, M.D., Ph.D. *See* Dkt. 45-1 – 45-4. The relevant evidence submitted by the parties is summarized as follows:

Plaintiff was treated by Dr. Jonathan Jin, M.D. on October 15, 2012 for complaints of a headache which began after he drank beer. Dkt. 45-2. Plaintiff reported he had neck, upper back, shoulder, and upper arm pain. *Id.* Plaintiff also reported ringing in his ears and dizziness. *Id.* Dr. Jin noted Plaintiff was in no acute distress but appeared anxious. *Id.* He concluded Plaintiff's "headache is more from neck pain which is muscular" and Plaintiff's neck pain and headache "appear to be due to muscle spasm." *Id.* at p. 2. Dr. Jin also educated Plaintiff on stress and anxiety management. *Id.*

On October 17, 2012, Plaintiff presented to the Emergency Department ("ER") of Franciscan Health Systems with dizziness, headache, fatigue, neck pain, and nausea. *See* Dkt. 45-1. A CT of Plaintiff's head and spine showed mild degenerative disc disease at C3-C4; all other results were normal. *See id.* at pp. 9-13. The clinical impression was dizziness and neck pain/strain. Dkt. 45-1, p. 5.

At the scene of the accident on November 16, 2012, Plaintiff complained of diffuse neck pain and was transported to the St. Clare Hospital ER via ambulance. Dkt. 45-3, p. 3. A medical examination revealed no neck tenderness or pain on movement; imaging results were normal, and Plaintiff was diagnosed with a neck sprain. *Id.* at pp. 3-4. Plaintiff was seen by Dr. Jin on November 19, 2012. *Id.* at p. 4. Plaintiff reported he felt weak and tired and could not bend his neck or lift his arms without pain. *Id.* The examination revealed Plaintiff was not in acute

distress, but appeared tired and anxious. *Id.* His neck was mildly stiff with paraspinous muscle tenderness and a full range of motion. *Id.* Plaintiff was diagnosed with a neck sprain, thoracic sprain, lumber sprain, and other acute reaction to stress.

Plaintiff was treated by Dr. Doug Kim, M.D. on November 26, 2012. *Id.* at p. 5. After examination, Plaintiff was diagnosed with a cervical and lumbosacral sprain and strain, sprain and strain of the ribs, and dizziness and giddiness. *Id.* Dr. Kim referred Plaintiff to a chiropractor, massage therapist, and acupuncturist. *Id.* X-rays taken the same day were normal with no evidence of recent osseous trauma. *Id.* at pp. 5-6. Plaintiff did have slight spondylolisthesis at L5-S1, which was likely degenerative in etiology. *Id.* at p. 6. Plaintiff was seen by Dr. Kim again on December 3, 2012 complaining of vertigo and headaches after the accident. *Id*.

Plaintiff was evaluated at Dong Do Acupuncture Clinic on November 27, 2012, and from November 27, 2012 to February 8, 2013, Plaintiff was treated 17 times with acupuncture. *Id.* Plaintiff was seen by Jay Pearson, DC at Pearson Chiropractic and Rehabilitation for a consultation on December 27, 2012. *Id.* Between December 27, 2012 and January 28, 2012, Plaintiff was treated four times with chiropractic adjustments and four times with massage therapy. *Id.*

Dr. W. Brandt Bede, M.D. performed an independent medical evaluation of Plaintiff on June 26, 2015. Dkt. 45-3. Dr. Bede reviewed Plaintiff's medical history and treatment relating to the alleged injuries, interviewed Plaintiff, and performed a physical examination of Plaintiff. *See id.* Dr. Bede was asked "[i]f treatment was reasonable, necessary and causally related to the November 16, 2012 motor vehicle accident." Dr. Bede responded:

> Correlating with soft tissue and wound-healing studies treatment within a six week period of time after the motor vehicle accident would be

> considered curative in nature, reasonable and necessary, on a more-probably-than-not basis. Treatment beyond this period of time would be considered palliative in nature with no long-term benefit, on a more-probable-than-not basis.

Dkt. 45-3, p. 14.

On July 19, 2015, Dr. Jay Rubinstein, M.D., Ph.D. reviewed medical and other records presented by Defendants' counsel regarding Plaintiff's allegations of tinnitus. Dkt. 45-4. Dr. Rubinstein stated, "It is my impression with more than a reasonable degree of medical certainty that there is no physiological connection between [Plaintiff's] tinnitus and the accident in question. The absence of any evidence of ear injury is the primary basis for this opinion." *Id*. at p. 1.

Plaintiff incurred medical expenses in the amount of $11,047.83 for treatment he received from November 16, 2012 through December 28, 2012. Dkt. 43-8.

## II. Analysis

Plaintiff requests the Court find medical expenses in the amount of $11,047.83, incurred November 16, 2012 – December 28, 2012, are (1) a result of the accident and (2) reasonable and necessary for Plaintiff's appropriate care. Dkt. 43, pp. 1-2. Plaintiff contends he is entitled to judgment for at least this amount from Defendants. *Id.* at p. 2.

### A. Causation

"To maintain an action for negligence, the plaintiff must show (1) the defendant owed a duty to the plaintiff, (2) the defendant breached that duty, (3) the plaintiff suffered an injury, and (4) the defendant's breach was the proximate cause of the plaintiff's injury." *Martini v. Post*, 178 Wash. App. 153, 164 (2013) (*citing Hertog v. City of Seattle*, 138 Wash.2d 265, 275 (1999)). Proximate cause has two elements: cause in fact and legal causation. *Hartley v. State,* 103 Wash.2d 768, 777 (1985). Cause in fact, or "but for" causation, refers to the "physical

connection between an act and an injury." *Id.* The plaintiff "must establish that the harm suffered would not have occurred but for an act or omission of the defendant." *Joyce v. Dept. of Corr.*, 155 Wash.2d 306, 322, (2005). Cause in fact is ordinarily a question for the trier of fact and is "not susceptible to summary judgment." *Martini*, 178 Wash. App. at 164.

The evidence shows Plaintiff was treated from November 16, 2012 through December 28, 2012 for neck, back, and arm pain, headaches, dizziness, and anxiety, symptoms he attributed to the accident. Plaintiff was experiencing and being treated for similar symptoms (headaches, fatigue, neck pain, dizziness, ringing in his ear, and anxiety) one month prior to the accident. Dkt. 45-3, p. 2. Plaintiff was diagnosed with neck pain/strain prior to the accident and neck sprain/strain after the accident. *See* Dkt. 45-1, p. 5; 45-3, pp. 3-6. His examination immediately following the accident showed no tenderness or pain on movement. *Id.* at p. 3. Evidence also shows Plaintiff's tinnitus was not a result of the accident. Dkt. 45-4.

Based on the evidence, it is not clear if the medical expenses Plaintiff incurred following the accident were from the alleged injuries he sustained during the accident or from his pre-existing conditions. Accordingly, the Court concludes there is a genuine issue of material fact regarding whether the accident was the proximate cause of Plaintiff's medical expenses incurred November 16, 2012 –December 28, 2012.

B. Reasonable and Necessary

In a negligence case, a plaintiff may recover only the reasonable value of medical services received, not the total of all bills paid. *Torgeson v. Hanford*, 79 Wash. 56, 58-59, 139 P. 648 (1914). "Thus, the plaintiff must prove that medical costs were reasonable and, in doing so, cannot rely solely on medical records and bills." *Patterson v. Horton*, 84 Wash. App. 531, 543, (1997). Medical records and bills are relevant to prove past medical expenses only if supported

by additional evidence which shows the treatment and the bills were both necessary and reasonable. *Id*.

The only evidence detailing Plaintiff's treatment is from Dr. Bede's review of medical records. The evidence shows Dr. Bede found "treatment within a six week period of time after the motor vehicle accident would be considered curative in nature, reasonable and necessary, on a more-probable-than-not basis." Dkt. 45-3, p. 14. However, it is unclear as to what treatment Dr. Bede is specifically referring. Further, the evidence is inconclusive regarding the reasonableness and necessity of Plaintiff's treatment. For example, Plaintiff was treated 17 times for acupuncture, but there is no evidence showing what symptoms were treated by acupuncture or if the treatments were solely related to the injuries allegedly arising from the accident. *Id.* at p. 6. Plaintiff also received chiropractic adjustments and massage therapy, but again it is unclear from the evidence if the treatment was reasonable and necessary as a result of injuries sustained during the accident or related to his preexisting conditions. *Id.* Additionally, while Plaintiff contends his injuries were caused by the accident, evidence shows he was receiving treatment for similar symptoms one month before the accident. *See* Dkt. 45-2.

The Court cannot conclusively determine on the current record whether the full extent of the medical expenses incurred by Plaintiff following the accident were reasonable and necessary for Plaintiff's care. Therefore, the Court concludes a genuine issue of material fact exists regarding whether the medical expenses incurred November 16, 2012 – December 28, 2012 were reasonable and necessary to treat injuries arising from the accident.

**CONCLUSION**

The Court concludes the evidence shows a genuine issue of material fact exists regarding whether Plaintiff is entitled to judgment in the amount of $11,047.83 arising from medical

expenses incurred from November 16, 2012 – December 28, 2012. Accordingly, Plaintiff's Motion is denied.

Dated this 17th day of June, 2016.

David W. Christel
United States Magistrate Judge